(Pleito No. 143.—Fallado el 2 de Septiembre de 1901.)

### BARNÉS contra MORA.

RECURSO contra sentencia dictada por la Corte de Distrito de Ponce

1.—PRESCRIPCIÓN. No procede discutir en los recursos la cuestión de prescripción, si no se hubiere alegado esta excepción en el Tribunal inferior.
2.—OBLIGACIONES DE HACER. Las obligaciones de hacer sólo se convierten en la de indemnizar daños y perjuicios cuando, por ser personalísimo el hecho, objeto de la obligación, no pudiera ejecutarse por otra persona, á costa del deudor; pero no cuando la naturaleza de la obligación puede ejecutarse á costa del obligado á prestarla, sin alterar las condiciones del contrato.

#### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á dos de Septiembre de mil novecientos uno, en los autos del juicio declarativo de mayor cuantía seguidos en el Tribunal del Distrito de Ponce por Don Francisco Barnés y Vallenilla y Don Ramón Mora y Rivera, ambos vecinos y propietarios del pueblo de Juana Diaz, sobre cumplimiento de un contrato de arrendamiento é indemnización de daños y

perjuicios; pendiente ante Nos á virtud del recurso de casación interpuesto por ambas partes, llevando la representación del demandante el Abogado Don Rafael López Landrón, y la del demandado el de la misma clase Don Herminio Díaz Navarro.—Resultando : Que por documento privado otorgado en Ponce en treinta de Julio de mil ochocientos noventa y cuatro, Don Ulpiano R. Colom, por encargo especial de Don Ignacio Bassedas, como apoderado de Don Luis López Ballesteros y Don Francisco Barnés, ambos condueños de la estancia titulada "Coraza", situada en el barrio de Río–cañas abajo, del término municipal de Juana Diaz y compuesta de trescientas cincuenta cuerdas de terreno, más ó menos, de pastos en mal estado y de maleza, arrendaron dicha finca á Don Ramón Mora, vecino del mismo pueblo, por el término de cinco años, que empezarían á contarse en treinta y uno de Julio del mismo año mil ochocientos noventa y cuatro y terminarían el primero de Agosto de mil ochocientos noventa y nueve, por el precio de treinta y cinco pesos moneda corriente en el comercio, pagaderos mensualmente; y estableciéndose, entre otras condiciones, por la cláusula 3, que el arrendatario Sr. Mora pagaría todas las contribuciones que se impusieran á la finca arrendada y á los dueños de la misma, por virtud del referido contrato de arrendamiento, y que de no verificarlo abonaría los daños y perjuicios que pudieran seguírseles, y quedaría rescindido el contrato, sin poder reclamar indemnización por los frutos que hubiera sembrado, ni por las mejoras hechas en la finca, comprometiéndose además por la 4, á cercar toda la estancia, convenientemente y en debida forma, sin derecho para reclamar subvención alguna por este concepto y haciendo los portones que fueren necesarios para el mejor servicio, y por las 5 y 6, á limpiar y sembrar de yerba de guinea toda la estancia en el término de dos años, lo mismo que la cerca, dejándolo todo en buen estado de conservación al finalizar el contrato; conviniéndose también en la última cláusula que este contrato se remitiría

al Sr. Bassedas como apoderado del Sr. López Ballesteros, ó
á este mismo directamente, para su conformidad y ratifi-
cación.—Resultando : Que posteriormente, ó sea por escritura
pública otorgada en la misma Ciudad de Ponce, en siete
de Noviembre de mil ochocientos noventa y cinco, Don
Ulpiano Colom, como apoderado de Don Luis López Balles-
teros, vendió á Don Francisco Barnés y Vallenillas la mitad
proindivisa que correspondía á su mandante en la referida
estancia "Coraza," cuya otra mitad pertenecía al mismo Sr.
Barnés, en precio y cantidad de tres mil quinientos pesos
moneda comercial, que el Sr. Colom confesó recibidos del
comprador en efectivo metálico antes de aquel acto, inscri-
biéndose dicha escritura en el Registro de la Propiedad.—
Resultando : Que en veinte y tres de Abril del año próximo
pasado, previo acto conciliatorio, que se celebró sin efecto,
entabló Don Francisco Barnés, representado por el Abogado
Don Francisco Parra Capó, ante el Tribunal del Distrito de
Ponce, la demanda origen de este pleito, en la que haciendo
relación de los antecedentes expuestos, y alegando además
que, vencido el contrato de arrendamiento, se había consti-
tuído en la finca con objeto de recibirla del arrendatario Sr·
Mora, y como no hubiese cumplido éste los compromisos
contraídos á tenor de lo establecido en el contrato, había
ofrecido al Sr. Barnés hacerlo inmediatamente, en los primeros
días del mes de Agosto, pero habiendo sobrevenido el
huracán y la inundación ocurridos en esta Isla el día ocho
del citado mes, había querido el Sr. Mora aprovecharse
de aquella calamidad para afirmar que ya había realizado la
siembra, limpieza y cerca de la finca, pero que á consecuencia
del huracán y de la inundación que le siguió, todo había
desaparecido ; por lo que invocando en apoyo de sus preten-
siones los artículos 1,091, 1,278, 1,100, 1,101, 1,106 y 1,113
del Código Civil, concluyó pidiendo se declarara que el
demandado Don Ramón Mora, venía obligado á cercar
convenientemente y en debida forma toda la finca descrita
en el hecho primero de la demanda, haciéndole los portones

que fueran necesarios al buen servicio de la misma, así como á sembrarla de yerba de guinea, entregándolo todo en buen estado de conservación á Don Francisco Barnés y Vallenillas, y en su consecuencia condenarlo á que lo efectuara dentro del breve plazo que se le señalara al efecto, y de no efectuarlo se ejecutara á su costa, condenándosele además al abono de los daños y perjuicios originados y que se originen, á contar desde la fecha de vencimiento del contrato de arrendamiento, y al pago de las costas.—Resultando: Que el demandado Don Ramón Mora se opuso á la demanda, alegando á su vez que además de las condiciones de que había hecho mérito el Sr. Barnés existía otra en el contrato según la que había de remitirse éste al Sr. López Ballesteros ó á su apoderado Don Ignacio Bassedas para su conformidad y ratificación, condición que debió haber cumplido el Sr. Colom y no lo había hecho, no haciéndose siquiera mención del arriendo, en la escritura de siete de Noviembre; que vencido el contrato el primero de Agosto de mil ochocientos noventa y nueve, el inmediato siguiente se constituyeron en la finca los Sres. Barnés y Mora, y éste hizo á aquél entrega del inmueble, que fué recibido á satisfacción, sin protesta ni reclamación de ningún género á presencia de varios peones que de él cuidaban, á lo que por todo encargo dió Barnés el de sacar de allí algunas cabezas de ganado que pertenecían á otras personas, siendo inexacto que Mora hiciera ofrecimientos de cumplir lo que ya había cumplido; que al encargarse Mora de la finca, no había en ella más cerca que la correspondiente á la colindancia del Norte con Don Adelino Miranda, la cual así como su portón, se había conservado siempre en buen estado, hasta que sobrevino el temporal; de modo que Mora hubo de cercar por los otros puntos cardinales, como lo verificó por el Este, con alambre y maya, contribuyendo por mitad el colindante Don Juan Bautista Toro, y á su solo costo por el Oeste y el Sud; que las dos primeras cercas habían sido reparadas después del ocho de Agosto por el Sr. Barnés, y de las otras

dos, destruídas por las corrientes de dos quebradas, quedaban vestigios á orillas de éstas, como alambres, espeques y un portón derribados; que en el primero y segundo año del arrendamiento había hecho sembrar de yerba de guinea ochenta y siete cuerdas, ó sea todo el perímetro que no estaba destinado á usos distintos por la naturaleza del fundo, y el aprovechamiento legítimo del arrendatario; que en diez y ocho de Octubre de mil ochocientos noventa y nueve, y no antes por la interrupción de vías debida al ciclón, pagó Don Ramón Mora el último canon del arrendamiento y Don Francisco Barnés y Vallenillas que no poseía en jurisdicción de Juana Diaz otra finca rústica que la° que originaba este pleito, había satisfecho por la misma la contribución del año económico de mil novecientos, en ocho de Marzo del mismo año, siendo así que según la cláusula 3 del contrato esta carga pesaba sobre Mora durante el arriendo; por lo que concluyó invocando á su vez, en apoyo de sus excepciones, los artículos 1,565, 1,182, 1,568, 1,105, 1,091, 1,100, 1,112, 1,257, 1,259, 1,282 del Código Civil y pidiendo se le absolviera de la demanda, con las costas al demandante Don Francisco Barnés.—Resultando: Que abierto el pleito á pruebas se presentó Don Ramón Mora, y le fué admitido el recibo que obra al folio 54 de los autos, suscrito por M. Mayoral á nombre de Don Francisco Barnés y fechado en Ponce en diez y ocho de Octubre de mil ochocientos noventa y nueve, en el que manifiesta haber recibido de Don Ramón Mora la suma de setenta y siete pesos moneda corriente, por arrendamientos de terrenos hasta treinta de Julio pasado, cuyo recibo reconoció como legítimo y auténtico el abogado defensor de Don Francisco Barnés en el acto del juicio oral, y la certificación obrante al folio 55, que también le fué admitida, expedida por el Secretario del Ayuntamiento de Juana Diaz, en once de Mayo de mil novecientos y visada por el Alcalde del mismo pueblo, de la que resulta que en la Depositaría de dicha villa aparece un talonario de contribuciones municipales de aquel

año económico en el que bajo el número de orden 42 figura haber satisfecho sus contribuciones Don Francisco Barnés Vallenillas en ocho de Marzo anterior, por la suma de treinta y siete pesos setenta y seis centavos.—Resultando: Que practicadas las pruebas y terminado el juicio oral, dictó sentencia el Tribunal del Distrito de Ponce, en once de Agosto del año próximo pasado, por la que "declarando con lugar en lo pertinente, la demanda, condenó á Don Ramón Mora á que en el preciso término de cinco méses, á contar desde el día en que se declare firme dicha sentencia, procediera á la siembra de yerba de guinea que faltaba en las cincuenta cuerdas, parte de las que formaban la finca "Coraza" propiedad de Don Francisco Barnés Vallenillas, y que había utilizado en el cultivo de frutos menores y á limpiar perfectamente de la maleza que tenían todas las porciones del terreno del mismo fundo en que ya estaba sembrada la dicha guinea, bajo apercibimiento de proceder á ejecutarlo á su costa; declarando asimismo sin lugar la demanda, absolviendo de ella á Don Ramón Mora, en lo que hacía á cercar convenientemente la finca ya mencionada, y á indemnizar á Don Francisco Barnés Vallenillas en daños y perjuicios, cuya determinación y cuantía podrá fijarse en el juicio correspondiente, todo sin especial condenación de costas."—Resultando: Que contra esta sentencia interpusieron ambas partes recurso de casación por infracción de ley y el demandado Don Ramón Mora, además, el de quebrantamiento de forma, del que desistió después; fundando el demandante Don Francisco Barnés el de infracción de ley que interpuso, en los casos 1 y 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil y citando como infringidos los artículos 1,091, 1,255, 1,278, 1,281, y 1,282 del Código Civil, en el concepto de que habiéndose pactado en el contrato de arrendamiento celebrado entre él y Don Ramón Mora, que éste se obligaba á cercar convenientemente y en debida forma toda la finca "Coraza" en los dos primeros años del arrendamiento, durante los cuales la limpiaría y sem-

braría toda de yerba de guinea, dejándolo todo en buen
estado de conservación al finalizar el contrato; y resultando
del reconocimiento judicial é inspección ocular practicados
en prueba solicitada por los colitigantes, que parte de la
cerca de alambres había desaparecido, otra estaba en regular
estado manteniéndose sólo en buen estado la parte de la
finca que limitaba con Doña Magdalena Mora, era evidente
que sólo una pequeña parte de la cerca se encontraba en
buen estado de conservación y no toda, como lo requería
el contrato; que además siendo éste por cinco años, y
teniendo casi toda la cerca más de ese tiempo de construída,
aparecía también evidente que era la misma que existía
al firmarse el contrato, y que al establecerse en éste que
el arrendatario Sr. Mora cercaría convenientemente y en
debida forma toda la finca, no había duda de que una cerca
nueva era lo que tenía que poner y no lo que había hecho,
así como lo justificaba aquel acto de prueba, su carta de
fecha cinco de Agosto de mil ochocientos noventa y nueve,
que había reconocido, y en la que decía que dos días después
empezaría las cercas; que la finca no la limpió ni sembró de
yerba de guinea, ni en los primeros dos años, ni después,
lo ponía de manifiesto su propia confesión, especialmente su
citada carta de cinco de Agosto, el testimonio de los testigos
examinados en el juicio oral, y el referido acto de inspección
ocular y reconocimiento judicial, pues en dicha carta ofrece
Mora que dos días después empezaría los trabajos de limpieza
de la finca, y en el reconocimiento se hacía constar que sólo
había manchas de yerba de guinea y mucha maleza y
maya en el centro de la estancia sin objeto determinado;
que había una extensión de cincuenta á sesenta cuerdas, en
la cual no había ninguna clase de yerba y en ese acto el
demandado confesó que si no hizo la siembra de esa yerba,
fué porque de Mayo á Julio levantó las siembras de tabaco
y frutos menores, y debiendo entregar la propiedad en
Agosto siguiente no había tiempo hábil para ello, olvidando
que debió hacerlo en los dos primeros años, y que no tenía

derecho á dedicar la finca á ningún cultivo que le impidiera cumplir ese compromiso ó pacto; y que la existencia de maleza en casi toda la finca, así como el crecimiento de mayas en el centro de la misma, ponía de manifiesto que no estaba limpia, y por consiguiente que no se había conservado bien, como lo requería el contrato.—Resultando: Que Don Ramón Mora fundó á su vez el recurso como comprendido en los casos 1º, 4º y 7º del mismo artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos:—1º La Ley del contrato y en su consecuencia el artículo 1,091 del Código Civil, toda vez que habiendo cumplido el recurrente lo convenido con el Sr. Barnés en las cláusulas 4ª, 5ª y 1er apartado de la 6ª del contrato de arrendamiento celebrado, no había podido condenarse al recurrente á sembrar de yerba de guinea las cincuenta cuerdas que había entregado al finalizar el arriendo, sin estar sembradas por las razones consignadas por la Sala sentenciadora en el segundo considerando de la sentencia y sin que á ello obste lo que también se consigna en el 4º considerando, ya que del contexto de la cláusula 3ª del contrato se deduce con absoluta claridad que el Sr. Mora se hallaba autorizado para el cultivo de frutos menores en la finca arrendada.—2º El artículo 1,902 en relación con el 1,961 y 1,968 del Código Civil, porque admitido como estaba que el recurrente se había obligado á sembrar toda la estancia de yerba de guinea en los dos primeros años del contrato y que el Sr. Barnés no había reclamado sobre ese punto en los tres años restantes, era de convenirse en que la Sala sentenciadora había infringido, por aplicación indebida, el referido artículo 1,902 en relación con el 1,961 y 1,968 del Código Civil, acordándole en el punto de que se trata al Sr. Barnés parte de sus peticiones al condenar al recurrente á que verificara la siembra de yerba de guinea en las antedichas cincuenta cuerdas, pues habiendo expirado en treinta de Julio de mil ochocientos noventa y seis, el término señalado al recurrente por la cláusula 6ª del contrato, para cumplir el 4º y 5º sólo hasta igual día de mil

ochocientos noventa y siete, había podido el actor intentar su reclamación, en cuanto á aquel punto, y debió declararse prescrita.—3? El artículo 98 del Código Civil, porque habiendo trascurrido el término dentro del que debió ejecutarse la siembra de yerba de guinea, no es posible hoy mandarle que lo haga, sin interpretarse erróneamente, é infringirse por lo tanto, como se ha infringido, el referido artículo del Código Civil y la doctrina sentada por el Tribunal Supremo de España, en veinte y ocho de Mayo de mil ochocientos setenta y cuatro, afirmando que la obligación de hacer alguna cosa, por falta de cumplimiento se convierte en la de indemnizar daños y perjuicios.—4? El artículo 1,561, en relación con el 1,281 del Código Civil, porque comprometido como estaba el recurrente á dejar la finca en buen estado de conservación, no podía interpretarse que no la hubiera dejado en ese estado porque la entregara con retoños de malezas, que poco más ó menos, sólo tenían un mes de nacidos, ya que con ello no había hecho otra cosa que cumplir con lo que establece el referido artículo 1,561, entregándola en el mismo estado, ya que según se ve en el encabezamiento del contrato, con ellas la había recibido, y ya que la existencia de esas malezas no podía implicar que la finca se hallase en mal estado, como lo patentizaba el no haber hecho el Sr. Barnés reclamación alguna sobre el particular, al hacerse cargo de la finca.— 5? El artículo 1,282 del propio Código, según el que, para juzgar de la intención de los contratantes deberá atenderse principalmente á los actos de éstos, coetáneos y posteriores al contrato, y las sentencias del Tribunal Supremo de España de primero de Diciembre de mil ochocientos ochenta y seis, veinte y seis de Septiembre de mil ochocientos ochenta y ocho y diez de Mayo de mil ochocientos noventa, en las que se consigna la doctrina de que nadie puede ir contra sus propios actos, y que los actos á que este principio se refiere, son aquéllos que, como expresión del consentimiento, se realizan con el fin de crear, modificar ó extinguir algún

derecho, puesto que si el Sr. Barnés recibió sin protesta el último canon del arrendamiento, satisfizo las contribuciones de la finca en ocho de Marzo del año próximo pasado, que según el contrato debía satisfacerlas el recurrente, y sin protesta recibió la finca, es evidente que dió por finalizado el arrendamiento y por extinguidas las obligaciones que por virtud del mismo el Sr. Mora contrajera y que al no reconocerlo así la Sala sentenciadora había infringido los preceptos y doctrina legales que se dejan citados.—6º Que el fallo contenía en su última parte, disposiciones contradictorias por lo que se encuentra comprendido en el párrafo 4º del artículo 1,690 de la Ley de Enjuiciamiento Civil, puesto que declara sin lugar la demanda y absuelve al Sr. Mora en cuanto á cercar la finca é indemnizar perjuicios, y á renglón seguido habla de fijar en el juicio correspondiente la cuantía de éstos. Si esto último implica que se deba entender condenado al Sr. Mora á la indemnización, se contradice tal intención de la Sala con las palabras " debemos declarar y declaramos sin lugar la demanda, absolviendo", cuyas palabras son las que rigen y caracterizan el período.— 7º Que de igual suerte determina la pertinencia de este recurso el párrafo 7º del repetido artículo 1,690 de la misma Ley de Enjuiciamiento; que de los documentos obrantes á folios 54 y 55, reconocidos como auténticos por el actor en el acto del juicio oral, resulta probado que el Sr. Barnés recibió sin protesta alguna el importe del último canon del arrendamiento, y pagó las contribuciones de la finca correspondientes al año de mil novecientos, contribuciones que debía, según el contrato, abonar el Sr. Mora; que estos extremos, por ser importantísimos para demostrar la conformidad con que el Sr. Barnés había recibido la finca un año poco más ó menos antes de formular la demanda, debió admitirlos y declararlos como probados la Sala sentenciadora, y sólo con verdadero error de hecho en la apreciación de la prueba, pudo dejar de hacerlo así.— Resultando: Que comparecidas las partes recurrentes ante

este Tribunal Supremo, y sustanciados los recursos, se celebró la vista con asistencia de los abogados defensores de ambas partes, sosteniendo cada uno sus respectivas pretensiones.—Visto : Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.—Considerando : Que fundado el recurso interpuesto por la representación del demandante Don Francisco Barnés y Vallenillas, en supuestos contrarios á los establecidos por la Sala sentenciadora, en uso de su exclusiva competencia para apreciar el resultado de las pruebas, y no habiéndose combatido dicha apreciación en la forma que previene el número 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, no procede resolver el recurso. —Considerando, en cuanto al interpuesto por el demandado Don Ramón Mora, que obligado como estaba por las cláusulas del contrato de arrendamiento, á limpiar y sembrar de yerba de guinea toda la estancia en el término de dos años y á mantenerla en buen estado de conservación hasta finalizar el contrato, es evidente que lo estaba también á entregarla limpia de malezas y sembrada toda de yerba de guinea ; y que no habiéndolo verificado así, como lo ha estimado la Sala sentenciadora, con cuya apreciación ha estado conforme el recurrente, al condenarlo la sentencia á sembrar de yerba de guinea las cincuenta cuerdas que dejó de sembrar y á limpiar la estancia de las malezas que tenía el día de la entrega, lejos de infringir la ley del contrato, como alega el recurrente, y los artículos 1,091 y 1,561, en relación con el 1,281 del Código Civil, los ha aplicado rectamente.— Considerando : Que en los recursos de casación por infracción de ley no pueden ser objeto de discusión leyes ó doctrinas relativas á cuestiones que no hayan sido propuestas oportunamente en el pleito, y que no habiéndose alegado por el demandado en el escrito de contestación á la demanda, la excepción de prescripción de la acción deducida por el demandante, que alega hoy como uno de los fundamentos del recurso, no procede discutirla, aun en el caso de que fueran aplicables á la cuestión del pleito los artículos 1,902

en relación con el 1,961 y 1,968 del Código Civil, que se suponen infringidos en el segundo motivo del recurso.— Considerando: Que las obligaciones de hacer sólo se convierten en la de indemnizar daños y perjuicios, cuando, por ser personalísimo el hecho, objeto de la obligación no pudiera ejecutarse por otra persona, á costa del deudor; pero no en los demás casos como el presente, en el que por la naturaleza de la obligación puede ejecutarse á costa del obligado á prestarla, sin alterar las condiciones del contrato, por lo que tampoco se ha infringido por la Sala sentenciadora el artículo 1,098 del Código Civil, ni la doctrina sentada por el Tribunal Supremo de España en veinte y ocho de Mayo de mil ochocientos setenta y cuatro en el concepto que se expresa en el 3er motivo del recurso.—Considerando: Que tampoco ha sido infringida la doctrina jurídica de que nadie puede ir contra sus propios actos, á que se refiere el recurrente en el 5º motivo, pues de que Don Francisco Barnés recibiera el último canon del arrendamiento y pagara la contribución impuesta á la finca de su propiedad en el año de mil novecientos, ó sea el año siguiente al de la terminación del contrato sin protesta de ninguna especie, si bien de estos actos podía derivarse que estuvo conforme en dar por finalizado el contrato de arrendamiento, por haber expirado el término de su duración y por recibida la finca arrendada, no así que renunciara las acciones y derechos que le asistieran contra el arrendatario, para exigir el cumplimiento de las condiciones del contrato que hubiere dejado de cumplir, y la consiguiente indemnización de daños y perjuicios, tanto porque los documentos de referencia, no tienen otro alcance que el que se deriva de su sentido literal, cuanto porque para que sea eficaz en juicio la renuncia de los derechos que procedan de un contrato, es indispensable que resulte clara y explícita la voluntad del renunciante.—Considerando: Que por idéntico motivo tampoco procede estimar el recurso por el error de hecho que se supone cometido por la Sala sentenciadora en la apreciación

de los citados documentos; puesto que para que el recurso procediera por este motivo, sería indispensable que del contexto de dichos documentos resultara "manifiesto" el error cometido por la Sala sentenciadora, lo que no ha tenido lugar en el presente caso, puesto que, lejos de haberlos apreciado con error, los ha estimado en su verdadero valor legal, atribuyéndoles el único alcance y significación que tienen, atendido su contexto.—Considerando por último: Que el recurso de casación por infracción de ley, cualquiera que sea el caso del artículo 1,690 de la Ley de Enjuiciamiento Civil en que se encuentre comprendido, debe interponerse citándose con precisión y claridad la ley y doctrina legal que se supongan infringidas, y el concepto en que lo hayan sido, como lo ordena el artículo 1,718 de la misma ley de trámites, y que no habiéndose ajustado á estos preceptos el interpuesto en el presente caso como comprendido en el párrafo 4º del artículo 1,690 de la citada ley procesal, tampoco procede admitirlo, por ese motivo.— Fallamos: Que debemos declarar y declaramos no haber lugar á resolver el recurso de casación interpuesto por Don Francisco Barnés y Vallenillas, y sin lugar el establecido por Don Ramón Mora, sin especial condenación de costas.— Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Presidente del Tribunal Supremo, Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario sustituto certifico, en Puerto Rico, á dos de Septiembre de mil novecientos uno.—Eugenio Alvarez, *Secretario sustituto.*